IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Marion L. Means, )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>)<br>Warden, McCormick )<br>Correctional Institution, )<br>)<br>    Respondent. )<br>           ) | Civil Action No. 6:07-3829-JFA-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

  The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**BACKGROUND OF THE CASE**

  The record reveals that the petitioner is currently incarcerated in McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to an order of commitment from the Clerk of Court of Spartanburg County. A Spartanburg County Grand Jury indicted the petitioner in October 2000 for trafficking in crack cocaine (2000-GS-42-4165), distribution of crack cocaine (2000-GS-42-4166), possession of marijuana with intent to distribute (2000-GS-42-4167), and possession of Lortab with intent to distribute (2000-GS-42-4168). Attorney Rodman C. Tullis represented the petitioner on the charges. The petitioner entered a guilty plea on all charges on December 5, 2000. The Honorable

Gerald C. Smoak accepted the plea and sentenced the petitioner to 16 years imprisonment for trafficking, and three concurrent five-year terms on the remaining charges. The petitioner did not appeal his plea or sentence.

On February 25, 2002, the petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claim:

Ineffective assistance of counsel.

On or about October 7, 2002, the petitioner amended the application to include the following issues:

(1) Lack of subject matter jurisdiction;

(2) Ineffective assistance of counsel;

(4) Involuntary plea.

Attorney N. Douglas Brannon represented the petitioner in the action. On November 25, 2002, the State made its return to the application and moved to summarily dismiss for failure to file within the state statute of limitations for PCR actions. A hearing was convened on November 12, 2003, before the Honorable J. Derham Cole. On January 5, 2004, the judge granted the State's motion and dismissed the action for failure to timely file on all issues except the allegation of lack of subject matter jurisdiction. He dismissed the allegation of lack of subject matter jurisdiction after a review of the allegation on the merits. The petitioner appealed.

Aileen P. Clare, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented the petitioner on appeal. Appellant counsel filed a *Johnson*[1]

---

[1] The Supreme Court of South Carolina "has approved the withdrawal of counsel in meritless post-conviction appeals, provided the procedures outlined in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), were followed." *Johnson v. State*, 294 S.C. 310, 310, 364 S.E.2d 201, 201 (1988). The state court adheres to this requirement even though the United States Supreme Court has held, in *Pennsylvania v. Finley*, 481 U.S. 551(1987), that such a review is not required. *Id*.

2

petition for writ of certiorari in the Supreme Court of South Carolina on June 7, 2004, and raised the following issue:

> Did the trial court lack jurisdiction to sentence petitioner under S.C. Code § 44-53-375(C)(1)(b), when he was indicted under § 44-53-375(C)(1)(a)?

The petitioner submitted a *pro se* response and raised the following additional issues for consideration:

> (1)    Because the appellants indictions are not "filed" with the clerk of court, the circuit court lacked [J]urisdiction, and appellants 14th Amendment Right, and rights under Art. IV § 2 of the U.S. Constitution were violated.
>
> (2)    Because there were no probable cause for appellants indictments to be truebilled, the indictments are void, and the circuit court lacked subject matter jurisdiction, thus violating the appellants Eq[...] protection of the law rights under Art. IV §2 to the U.S.Const.
>
> (3)    Because appellants indictment for trafficking crack cocaine is vague and ambiguous and the appellant could not prepare a defense, the circuit court lacked subject matter jurisdiction, thus violating appellants federal constitutional rights under the 14th Amendment, and Art. IV § 2...
>
> (4)    Because appellants indictments were returned by a grand jury selected in a racially discriminary manner, the indictments themselves are void and the circuit court lacked subject matter jurisdiction..
>
> (5)    Because the appellant produced a witness to corroborate, and substantiate that trial court told him that he would file his PCR application and did not the PCR court abused it's descretion filing that the appellants claims are time-barred.

The Supreme Court of South Carolina denied the petition on May 18, 2005, and issued the remittitur on June 6, 2005.

The petitioner filed a state habeas action on August 24, 2005. On April 18, 2006, the State made its return and moved to dismiss on various procedural grounds. Attorney John G. Reckenbeil was appointed to represent the petitioner in the action. On

July 11, 2006, the Honorable Roger L. Couch granted the State's motion to dismiss. On August 4, 2006, the petitioner attempted to file a *pro se* motion to reconsider. On August 9, 2006, the State filed a return. On August 16, 2006, Judge Couch declined to consider the motion as it was improperly filed *pro se* while the petitioner was represented by counsel. The petitioner attempted to appeal; however, the South Carolina Court of Appeals dismissed the notice for failure to comply with procedural rules, and issued the remittitur on December 11, 2006.

In his *pro se* petition now before this court, the petitioner makes the following claims of error (verbatim):

> Ground one: Adequacy, competency, and effectiveness of counsel
>
> Supporting facts: Trial counsel failed to investigate and was incompetent in his representation and knowledge of the law. My guilty plea was unintelligently given due to counsel coercion. I was denied my 6th Amendment rights.
>
> Ground two: I'm being held in custody illegally because state court lacks jurisdiction of the subject matter.
>
> Supporting facts: The court lacked jurisdiction to enhance my charge for which I was not indicted. I never signed a waiver, nor did my attorney object to that fact. The amended charge was never presented to the grand jury.
>
> Ground three: Applicant did not receive a full, fair and adequate hearing in the state court. Violations of 6th and 14th Amendment.
>
> Supporting facts: Applicant plead guilty due to counsels erroneous advice. Counsel told applicant hat he would file a PCR on his behalf, and did not. PCR court did not provide a fair and adequate hearing. Guilty plea counsel was not present. Applicant's witness was present and testified guilty plea attorney told them on several occassions that the paperwork was filed and it would be a year before application got back in court. Copies of notarized documents to attorney confirms the same.
>
> Ground four: The applicant was otherwise denied due process of law in the state court proceeding.

4

> Supporting facts: 1. Attorney coerced applicant to plead guilty and when applicant told counsel he wanted to appeal, counsel told applicant he would file a PCR, but did not. 2. At PCR hearing counsel was not even present, but applicant and applicant's were, but applicant was ruled against. 3. Applicant was denied certiorari  4. Applicant's state habeas corpus was construed as a successive PCR, and was not heard, but dismissed as such.

On March 5, 2008, the respondent filed a motion for summary judgment (supplemented on March 11, 2008). By order filed March 5, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response to the motion on April 11, 2008, and the respondent filed a reply on April 21, 2008.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall

5

>have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(d), (e).

>Title 28, United States Code, Section 2244(d), provides:
>
>(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## ANALYSIS

The respondent argues that the petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). This court agrees. The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

6

seeking such review." 28 U.S.C. § 2244(d)(1)(A). The petitioner's conviction became final 10 days after December 5, 2000, the date of his plea, as this was the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. Rule 203(b)(2), SCACR. Thus, his conviction became final on December 15, 2000. Accordingly, the limitations period expired on December 15, 2001, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2).

The petitioner filed a state PCR action on February 25, 2002. However, by that time the statute of limitations period had expired, and the petition could toll nothing. Accordingly, the petitioner is not entitled to statutory tolling.

As the petitioner is a prisoner, he should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. The *Houston v. Lack* delivery date of the instant petition is November 20, 2007.

To the extent the petitioner argues that the statutory period re-starts at the conclusion of collateral review. the petitioner is mistaken. The time is tolled, not re-started. *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) ("In short, the AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.").

The petitioner claims that the statute of limitations period should be tolled because his untimely filing "was due to circumstances beyond his control and knowledge" (pet. resp. m.s.j. 1). Specifically, he claims that he relied on his plea counsel to file either an appeal or a PCR action on his behalf (pet. resp. m.s.j. 1-2; *see* app. 26-31).

In *Harris*, 209 F.3d 325, the Fourth Circuit Court of Appeals described the analysis of a claim of equitable tolling as follows:

> "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 700 (9th Cir.1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Id.* at 330. The court went on to find:

> Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that "extraordinary circumstance" external to Harris that would justify equitable tolling. *See Taliani*, 189 F.3d at 598 (holding that a lawyer's miscalculation of a limitations period is not a valid basis for equitable tolling); *see also Sandvik*, 177 F.3d at 1272 (refusing to toll the limitations period where the prisoner's delay was assertedly the result of a lawyer's decision to mail the petition by ordinary mail rather than to use some form of expedited delivery); *Fisher*, 174 F.3d at 714-15 (refusing to toll limitation where access to legal materials that would have given notice of the limitations period was delayed); *Miller v. Marr*, 141 F.3d at 978 (same); *Gilbert v. Secretary of Health and Human Services*, 51 F.3d 254, 257 (Fed. Cir.1995) (holding that a lawyer's mistake is not a valid basis for equitable tolling); *Barrow v. New*

8

> *Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation).

*Id.* at 330-31.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). In *Pace*, the United States Supreme Court determined that even if the petitioner could show that some extraordinary circumstance stood in his way, the petitioner was not entitled to relief because he did not establish the requisite diligence. *Id.*

As noted above, the petitioner filed a PCR action after the one-year period in which he could have timely filed. The action was dismissed as untimely in regard to all allegations except a challenge to subject matter jurisdiction. In an attempt to avoid the state statute of limitations for PCR actions, the petitioner initially argued that he relied on counsel to file either an appeal or a PCR action on his behalf (App. 26-31). However, the petitioner testified at the PCR hearing that counsel stated he would file a PCR action, but did not indicate anything about an appeal (App. 33-35). In fact, he specifically testified that he asked for neither, but counsel stated he would file a PCR action for the petitioner (App. 33-34, 37). The PCR judge found the testimony that counsel "failed to file a PCR action against himself was not credible" (App. 45). This is a factual finding entitled to deference in this review, and which the petitioner may overcome only by showing "'clear and convincing evidence to the contrary.'" *Wilson v. Ozmint,* 352 F.3d 847, 858 (4th Cir. 2003) (quoting *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003) (internal citations omitted)).

The petitioner has attached a letter purportedly sent to counsel on or about November 5, 2001, nearly a year after his December 5, 2000, plea, to inquire generally, "did

you file a Direct Appeal or a Post Conviction for me?" Further, the petitioner submitted a letter dated December 26, 2001, from the Clerk of Court indicating that no PCR action was currently pending (pet. resp. m.s.j., ex. 1). As argued by the respondent, the date of the Clerk of Court's letter suggests that the petitioner failed to send an inquiry to the Clerk until after the one-year state limitations period had passed. The petitioner has failed to show any error in the factual findings below, much less clear and convincing evidence of error in connection with the credibility finding in the order. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (quoting *Marshall v. Lonberger,* 459 U.S. 422, 434 (1983)) ("for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." . . . "Indeed, 'federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.'").

Further, as argued by the respondent, ordinary counsel error does not form a basis for allowing equitable tolling. *See, e.g., Harris v. Hutchinson,* 209 F.3d 325, 330-331 (4th Cir. 2000)(attorney error not a sufficient basis for allowing equitable tolling). Thus, even assuming that the factual allegations of the petitioner were true that he did not request an appeal or a PCR action but rather his plea counsel volunteered to file a PCR action against himself and the petitioner was awaiting the results of that action (*see* app. 33-34, 37), the very basis of the petitioner's argument lacks merit.

Lastly, taking the petitioner's factual allegations as true, the record otherwise fails to show the type of diligence necessary to entitle a petitioner to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (finding that petitioner's lack of diligence precluded equity's operation where petitioner sat on rights for years before he filed his PCRA petition and for five months after PCRA proceedings were final before seeking relief in federal court). Here, the petitioner waited over one year before even attempting to pursue

his state remedies. Moreover, he waited over 11 months after the remittitur was issued from the last attempted state action to file the instant action. The petitioner's letters to counsel and the Clerk of Court submitted in his response indicate that he had means and resources to comply with filing by requesting and filing his own application for post-conviction relief at the appropriate time. He did not do so. Additionally, as noted by the respondent, the first PCR action was completed on June 6, 2005, but the petitioner chose to stay in state court and file a state writ of habeas corpus. Again, the record shows no bar to litigation or some other extraordinary circumstance that prevented compliance with the statutory time frame.

Based upon the foregoing, the petitioner is not entitled to equitable tolling. The petition was not timely filed, and it is barred by Section 2244(d)(1).

## **CONCLUSION AND RECOMMENDATION**

Being "mindful that Congress enacted § 2244(d) 'with the ... purpose of curbing the abuse of the statutory writ of habeas corpus,'" *Allen v. Mitchell*, 276 F.3d 183, 186 (4th Cir. 2001) (quoting *Crawley v. Catoe*, 257 F.3d 395, 400 (4th Cir. 2001)), this court concludes that the petition in this case was untimely filed, even when properly tolled.

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 13) be granted. *See Rouse v. Lee*, 339 F.3d 238, 257 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (affirming dismissal of petition filed one day late).

s/William M. Catoe
United States Magistrate Judge

January 28, 2009

Greenville, South Carolina