UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marion L. Means, | ) | C/A No. 6:07-3829-JFA-WMC |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| Warden, McCormick Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Marion L. Means, is an inmate at the South Carolina Department of Corrections serving a 16-year sentence (and three concurrent five-year terms) for trafficking in crack cocaine, distribution of crack cocaine, and possession of marijuana and Lortab with intent to distribute. He has filed a petition pursuant to 28 U.S.C.§ 2254 alleging that he is being held in custody in violation of the United States Constitution. Specifically, he claims that his counsel was ineffective, that the court lacked subject matter jurisdiction, and that he has been subject to violations of his 6th and 14th Amendment rights.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation and opines that the respondent's motion for summary judgment[2] be granted as the petition is untimely. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on January 28, 2009. Petitioner filed timely objections[3] to the Report.

The Magistrate Judge concurs with the respondent's contention that the petitioner's claim must be barred because it was not timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 ("AEDPA"). In addition, the Magistrate finds no showing by the petitioner that would entitle him to equitable tolling. The AEDPA provides a one-year statute of limitations period on the filing of a § 2254 action. Subsection (d) of the statute reads:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

[3] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

The petitioner's conviction became final on December 15, 2000. Accordingly, the limitations period expired one year later on December 15, 2001.

The petitioner filed his first state PCR action on February 25, 2002 which was beyond the statute of limitations period provided in the AEDPA. Therefore, no equitable tolling can be applied to the petitioner. The present action was filed in this court on November 28, 2007.

In his objections to the Report, the petitioner again raises his assertion that his PCR filing was untimely because his counsel (Mr. Tullis) told him that he would file a PCR application when in fact, one was not filed until a month after the time to file the PCR

3

expired.

During the hearing on the respondent's motion to dismiss the PCR as untimely, the PCR judge heard testimony from the petitioner. In a written order dated January 4, 2004, the PCR judge dismissed the PCR for failure to comply with the filing procedures of the Post Conviction Procedures Act. S.C. Code Ann. § 17-27-10 to 160 (Supp. 1999). The PCR judge noted in his order that the petitioner's testimony pertaining to his counsel's failure to file a PCR action against himself was not credible and that the petitioner did not offer a reasonable justification for his failure to file his application as timely.

As the Magistrate Judge correctly notes in his Report, the PCR judge's findings were factual and he was entitled to deference in his review, and which the petitioner may overcome only by showing "clear and convincing evidence to the contrary." *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

The Magistrate Judge has reviewed the petitioner's claims that the statute of limitations period should be tolled because of his untimely filing due to his lawyer's failure to file the PCR. Under the standards set forth in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), the Magistrate Judge did not find that the petitioner had pursued his rights diligently and that some extraordinary circumstance stood in his way. Moreover, ordinary counsel error does not form a basis for allowing equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 300-331 (4th Cir. 2000).

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. The respondent's motion for summary judgment is hereby granted and the petition is dismissed as untimely under § 2244(d)(1).

IT IS SO ORDERED.

February 24, 2009                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge